UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

G.I.A. MEDICAL, LLC,

      Plaintiff,

      v.                                     Case No. 14-C-1053

PRO ENTERPRISES UNITED STATES, INC.,

      Defendant.

---

DECISION AND ORDER GRANTING PRO ENTERPRISES' MOTION TO DISMISS (DOC. 8)

On August 28, 2015, G.I.A. Medical, LLC ("GIA") initiated this action against Pro Enterprises USA, Inc. ("Pro Enterprises") on breach of contract grounds. GIA alleges that Pro Enterprises violated the terms of two purchase agreements when it failed to, among other things, pay the balance due for fifty specialized, refurbished dialysis machines and additional parts that it had ordered from GIA. GIA is a Wisconsin limited liability company; its sole member is a citizen of Wisconsin and its principal place of business is in Wisconsin. Pro Enterprises is a Florida corporation with its principal place of business in Florida.

Pro Enterprises moves to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). The company contends it lacks the minimum contacts necessary to satisfy the constitutional standard for personal jurisdiction or the terms of Wisconsin's long-arm statute because it is a Florida corporation operating in Florida, has no offices in Wisconsin, has not conducted other business in Wisconsin, and has no relationship with Wisconsin outside of the purchase orders at issue. Pro Enterprises submits the affidavit of its president and director attesting to the lack of contacts with Wisconsin. (Mot. to Dismiss,

Ex. 1.) In response, GIA contends that Pro Enterprises' business dealings with GIA are sufficient to satisfy the dictates of Wisconsin's long-arm statute and the Due Process Clause. GIA submitted no affidavit or other evidence in response to the motion; it stands solely on the complaint. After due consideration of these filings and arguments, defendant's motion will be granted.

## LEGAL STANDARD

A motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) places the burden on plaintiff to make a prima facie showing of jurisdictional facts establishing personal jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). The court must accept the well-pleaded facts in the complaint as true and draw reasonable inferences from those facts in plaintiff's favor. *Id.*; *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Affidavits may be accepted and weighed by the court in determining whether it has personal jurisdiction over a party. *Nelson v. Park Indus., Inc.* 717 F.2d 1120, 1123 (7th Cir. 1983).

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident party only if a court in the same state would have jurisdiction. *Id.* In Wisconsin, this determination is made through a two-part inquiry. *Giotis v. Apollo of the Ozarks, Inc.*, 800 F.2d 660, 665 (7th Cir. 1986). First, has the plaintiff demonstrated that the nonresident party is subject to jurisdiction under a relevant long-arm statute (here, Wis. Stat. § 801.05); second, would the exercise of jurisdiction violate the defendant's due process rights. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 779 (7th Cir. 2003); *Kopke v. A. Hartrodt S.R.L.,* 2001 WI 99, ¶ 8, 245 Wis. 2d 396, ¶ 8, 629 N.W.2d 662, ¶ 8.

2

Wisconsin's long-arm statute "is to be liberally construed in favor of exercising jurisdiction." *Kopke*, 2001 WI 99, ¶ 21. GIA claims, incorrectly, that it only need satisfy constitutional due process requirements for the court to exercise personal jurisdiction over Pro Enterprises. Wisconsin Statute § 801.05 confers jurisdiction "to the fullest extent allowed under the due process clause," *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1217 (7th Cir. 1990), but the statute alone does not satisfy due process. A party's meeting the requirements of the statute creates a rebuttable presumption that constitutional due process is also satisfied. *Kopke*, 2001 WI 99, ¶ 22 ("Compliance with the statute presumes that due process is met, subject to the objecting defendant's opportunity to rebut.").

The long-arm statute provides that a Wisconsin court having jurisdiction over the subject matter has jurisdiction over a person in any action that

> (a) Arises out of a promise made anywhere to the plaintiff or to some 3rd party for the plaintiff's benefit, by the defendant to perform services within this state or to pay for services to be performed in this state by the plaintiff; or
>
> (b) Arises out of services actually performed for the plaintiff by the defendant within this state, or services actually performed for the defendant by the plaintiff within this state if such performance within this state was authorized or ratified by the defendant.

§ 801.05(5).[1] The Wisconsin Supreme Court has noted three aspects of a commercial arrangement that satisfy this provision:

---

[1] GIA also cites subsection 801.05(3) in support of personal jurisdiction, but that subsection relates only to tort claims and is not applicable. *Cf. Felland v. Clifton*, 682 F.3d 665, 678-79 (7th Cir. 2012) (finding personal jurisdiction under § 801.05(3) in a case involving the tort of intentional misrepresentation); *Nelson v. Bulso*, 149 F.3d 701, 702 (7th Cir. 1998) (referencing the "tort provision" of the long-arm statue).

3

> (I) a claim arising out of a bargaining arrangement made with the defendant by or on behalf of the plaintiff; (ii) a promise or other act of the defendant, made or performed anywhere, which evidences the bargaining arrangement sued upon; and (iii) a showing that the arrangement itself involves or contemplates some substantial connection with the state.

*Afram v. Balfour, Maclaine, Inc.*, 63 Wis. 2d 702, 709-10, 218 N.W.2d 288 (1974); *accord Federated Rural Elec. Ins. Corp. v. Inland Power & Light Co.*, 18 F.3d 389, 393 (7th Cir. 1994).

Here, none of the requirements of § 801.05(5) are met. According to the complaint, Pro Enterprises promised to pay GIA for services performed; GIA performed those services; and Pro Enterprises failed to fulfill its promise to pay. (Compl., ¶¶ 18, 21-22, Exs. B, C.) However, the complaint does not allege that either party performed any services or took any action in Wisconsin. The complaint provides no specifics regarding where the dialysis machines that Pro Enterprises contracted to purchase were refurbished but does indicate that the machines supplied pursuant to Purchase Order #3553 were to be shipped F.O.B. GIA's facility in *California*. While the complaint alleges that Pro Enterprises placed three purchases with GIA over a one-year period, it is silent as to which party initiated the relationship and whether or where the contracts were negotiated. Moreover, the complaint fails to address whether the parties' contemplated any connection with Wisconsin beyond placement of the purchase orders. As such, GIA fails to demonstrate that the resulting business arrangement had a substantial connection with Wisconsin that satisfies the statutory requirements for personal jurisdiction over Pro Enterprises.

Additionally, for the court to exercise personal jurisdiction over an out-of-state defendant, that party must have established "sufficient minimum contacts" with the forum state such that the exercise of jurisdiction does not offend notions of fair play and

4

substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76, 105 S. Ct. 2174 (1985). Jurisdiction must be based on the extent and nature of defendant's contact with the forum state and be substantial enough that defendant should reasonably anticipate being haled into court there. *Walden v. Fiore*, 571 U.S. ___. 134 S. Ct. 1115, 1122 (2014); *Burger King*, 471 U.S. at 474. There must be "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Burger King*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228 (1958)). And the act cannot be a result of "random," "fortuitous," or "isolated" contacts. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S. Ct. 1473 (1984).

There are two types of personal jurisdiction over an out-of-state defendant: general jurisdiction, which can be established by "continuous and systematic" contacts with the forum state; or specific jurisdiction in a particular instance because of the relationship between a party's contacts with the forum state and the lawsuit at hand. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414–15 & nn.8–9, 104 S. Ct. 1868 (1984); *Burger King,* 471 U.S. at 475 ("Jurisdiction is proper . . . where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." (internal citation omitted)). GIA does not assert the existence of general jurisdiction over Pro Enterprises, so only the nature of Pro Enterprises' business activities related to this lawsuit must be analyzed for the purposes of determining jurisdiction. *See Tamburo*, 601 F.3d at 702.

The Supreme Court has disavowed "mechanical" tests for personal jurisdiction, including in breach of contract cases. *Burger King,* 471 U.S. at 478. A single contract

5

between an in-state party and out-of-state defendant does not establish minimum contacts automatically. *Citadel Group Ltd. v. Wash. Reg'l Med. Ctr.*, 536 F.3d 757, 761 (7th Cir. 2008). Determining whether the parties' commercial relationship is enough to satisfy the "minimum contacts" requirement involves reviewing "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Burger King*, 471 U.S. at 479.

Here, the complaint does not allege that Pro Enterprises, a Florida corporation with its principal place of business in Florida, reached into Wisconsin to make three separate, substantial transactions with Wisconsin-based GIA such that Pro Enterprises purposefully availed itself of the privilege of conducting activities here. Pro Enterprises addressed purchase orders to GIA in Wisconsin, and taking the exhibits to the complaint in GIA's favor, sent those purchase orders to GIA in Wisconsin. The first contract, construing the complaint and exhibits in GIA's favor, was drafted by Pro Enterprises on "ProMed" stationery, sent to GIA in Wisconsin and contemplated a twenty-four-month relationship between the parties. (Doc. 8, Ex. 2, ¶ 8.) Nevertheless, the complaint is silent about who initiated the relationship and how or where any of the alleged contracts were negotiated.

GIA contends in its brief opposing dismissal that Pro Enterprises contacted GIA numerous times by mail, telephone, and email regarding these purchase orders. But it has filed nothing of evidentiary value, such as an affidavit, supporting its brief. Nothing indicates where the partial payment was made toward the purchase of the dialysis machines. And the dialysis machines that have been the subject of the parties' dealings were located in California and were to be shipped F.O.B. California by Pro Enterprises' carrier but remain in GIA's California facility awaiting shipment to Miami.

6

In its motion to dismiss and attached affidavit, Pro Enterprises claims that it has no connection to the state of Wisconsin outside of its multiple business agreements with GIA. It emphasizes that it has no offices in Wisconsin, has never had a meeting in Wisconsin, and has never visited (nor sent an officer, director, or employee to visit) Wisconsin for any purposes related to the present action. GIA offers no evidence to the contrary.

In evaluating commercial relationships for the purposes of personal jurisdiction, the Supreme Court has observed that the modern world has long since transcended the need for territorial presence to conduct business and that physical presence in the forum state is not necessary to satisfy due process. *Burger King*, 471 U.S. at 476. While physical presence is not essential, GIA has failed to assert in its complaint or otherwise establish that it performed services in Wisconsin or delivered dialysis machines or parts in Wisconsin in accordance with § 801.05(5) or that Pro Enterprises has purposefully availed itself of the laws of Wisconsin. Therefore, this court cannot find that Pro Enterprises has sufficient minimum contacts with Wisconsin to be subject to personal jurisdiction in this action. Consequently,

IT IS ORDERED that Pro Enterprises' motion to dismiss for lack of personal jurisdiction is granted and this case is dismissed.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE